|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 / REMAND |

| Case No. | **CV 20-3098 DMG (Ex)** | Date | June 2, 2020 |
|---|---|---|---|
| Title | *Angele Suzanne Cox, et al. v. FCA US LLC, et al.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFFS' MOTION TO REMAND [13]**

This matter is before the Court on the Motion to Remand ("MTR") filed by Plaintiffs Angele Suzanne Cox and Bradley Edwin Cox. [Doc. # 13.] The MTR is fully briefed. [Doc. ## 20, 22.] For the reasons set forth below, the MTR is **GRANTED**.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2020, Plaintiffs filed a complaint in Los Angeles County Superior Court against Defendants FCA US LLC ("FCA") and S.J. Denham, Inc. ("Denham") alleging violations of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1790 *et seq.*, as well as fraud by omission and negligent repair. [Doc. # 6-1.] On March 31, 2020, Plaintiffs filed a First Amended Complaint ("FAC"). [Doc. # 17.] The FAC added a cause of action for violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.* FAC at ¶¶ 58-75.

Plaintiffs' allegations stem from their December 2016 purchase of a 2017 Chrysler Pacifica manufactured by FCA. *Id.* at ¶ 8. Plaintiffs allege that the vehicle developed defects including a failure in the starter system, failure of the driver's side wheel, a faulty brake system, and other safety-related issues potentially linked to a defective transmission. *Id.* at ¶ 10, 13. Plaintiffs further allege that FCA knew of the transmission issue prior to Plaintiffs' purchase. *Id.* at ¶ 13. According to Plaintiffs, while an FCA warranty guarantees repairs during the time in which the issues arose, the defective parts have not been fixed. *Id.* at ¶¶ 9, 25. Plaintiffs also claim that Denham, an automobile sales and repair shop, failed to use ordinary care and skill in storing, preparing, and repairing the Plaintiffs' vehicle, and that this failure was the proximate cause of the claimed vehicular damage. *Id.* at ¶¶ 76-80.[1]

---

[1] The parties dispute whether Plaintiffs also allege a breach of the implied warranty of merchantability against Denham. *See* FAC at ¶¶ 45-49 (alleging a breach of implied warranty of merchantability against "Defendants" without specifying which defendants). The Court need not resolve this dispute in deciding the MTR.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-3098 DMG (Ex)** | Date | June 2, 2020 |
| Title | *Angele Suzanne Cox, et al. v. FCA US LLC, et al.* | Page | 2 of 6 |

      On April 2, 2020, FCA filed a notice of removal to this Court asserting diversity jurisdiction. [Doc # 6.] On May 5, 2020, Plaintiffs filed the instant MTR. [Doc. # 13.]

## II.
## LEGAL STANDARD

      Pursuant to 28 U.S.C. section 1332, a district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties. A civil action brought in a state court over which a federal district court has original jurisdiction may be removed by the defendants to a district court where such an action could have been brought. 28 U.S.C. § 1441.

      To establish diversity jurisdiction, there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). Accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.
## DISCUSSION

      Plaintiffs argue that this Court lacks subject matter jurisdiction because Denham's California citizenship defeats complete party diversity.[2] MTR at 11-19.[3] In opposition, FCA argues that Denham is fraudulently joined. Opp. at 16-20 [Doc. # 20.] Additionally, FCA argues in the alternative that even if there is incomplete party diversity, this Court should exercise its discretion under Federal Rule of Civil Procedure Rule 21 ("Rule 21") to sever Denham from this case in order to create complete diversity. Opp. at 20-21.

---

[2] Plaintiffs make two additional arguments not addressed by this Court. First, Plaintiffs argue that that this Court lacks subject matter jurisdiction because the amount in controversy is under $75,000. MTR at 8-11. Second, Plaintiffs claim that FCA "arguably" has a "nerve center" in California, which would make it a non-diverse defendant. MTR at 21. Because this Court finds that complete diversity does not exist, it need not reach either of these alternative arguments.

[3] All page references herein are to page numbers inserted by the CM/ECF system.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>KT</u> |

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-3098 DMG (Ex)** | Date | June 2, 2020 |
|---|---|---|---|
| Title | *Angele Suzanne Cox, et al. v. FCA US LLC, et al.* | Page | 3 of 6 |

### A.     Fraudulent Joinder

FCA claims that complete party diversity exists because Denham is fraudulently joined to the lawsuit. Opp. at 16-20. In the Ninth Circuit, a defendant may establish fraudulent joinder in two ways: by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation and internal quotation marks omitted). FCA alleges the second form of fraudulent joinder. Opp. at 17.[4]

Generally, the "'presumption against fraudulent joinder'" means that proving such fraudulence is a "heavy burden" for the party invoking federal jurisdiction. *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Hunter*, 582 F.3d at 1046). Where a party alleges the second form of fraudulent joinder, if there is even "a *possibility* that a state court would find that the complaint states a cause of action against [the allegedly fraudulently joined] defendants, the federal court must find that the joinder was proper and remand the case to state court." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046).

FCA makes two arguments to support its claim of fraudulent joinder. First, it alleges that the economic loss rule bars Plaintiffs' recovery against Denham. Opp. at 17-18. Additionally, it alleges that Plaintiffs' negligence actions against Denham are inadequately pled. *Id.* at 18-19.

#### 1.     Economic Loss Rule

FCA argues that Plaintiffs' claim against Denham is barred by the economic loss rule. The economic loss rule precludes tort claims, including negligence, for purely economic damages. *See S.M. Wilson & Co. v. Smith Int'l, Inc.*, 587 F.2d 1363, 1376 (9th Cir. 1978). Additionally, under California decisional law, the economic loss rule typically bars tort claims for damage to the overall product at issue (here, the vehicle) when the claim could instead be alleged as a contract claim. For a valid tort claim to exist in such circumstances, the product defect must cause either a physical injury or "damage to 'other property,' that is, property *other than the product itself*." *Jimenez v. Superior Court*, 29 Cal. 4th 473, 483 (2002). In support of

---

[4] FCA apparently attempts to keep open the possibility that Plaintiffs engaged in the first form of fraudulent joinder (actual fraud in the pleading of facts). *See* Opp. at 17 ("This case involves the second [form of fraudulent joinder], *if not the first*.") (emphasis added). FCA proceeds, however, to base its arguments and reasoning exclusively on second form of fraudulent joinder. *See id.* at 17-20. Accordingly, this Court examines whether Denham was fraudulently joined only through the second form of fraudulent joinder (the inability to establish a cause of action in state court).

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-3098 DMG (Ex)** | Date | June 2, 2020 |
|---|---|---|---|

| Title | *Angele Suzanne Cox, et al. v. FCA US LLC, et al.* | Page | 4 of 6 |
|---|---|---|---|

its economic loss rule theory, FCA cites to an unpublished case in which the district court found that the economic loss rule precluded any recovery against a car repair shop for vehicular damage where no factual allegations supported the claim. *See In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 2018 WL 5905942, at *6 (C.D. Cal. Sept. 10, 2018).

      This argument fails for several reasons. First, *In re Ford Motor Co. DPS6* contrasts with the weight of other authority which has found similar negligent repair claims not barred by the economic loss rule. *See, e.g.*, *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 841-42 (C.D. Cal. 2019).

      Second, unlike the *In re Ford Motor Co. DPS6* plaintiffs, Plaintiffs make a "colorable" allegation that an exception to the economic loss rule applies is this case. *See In re Ford Motor Co. DPS6*, 2018 WL 5905942, at *6 ("Plaintiffs must make some colorable showing that [an exception to the economic loss rule] applies in their case."). Under the "component exception," where a defective product's part causes damage to the larger product or another part of that larger product, the economic loss rule does not bar recovery in tort. *See Jimenez*, 29 Cal. 4th at 484 (finding that recovery in tort could be had where there was "damage to one part of a product caused by another, defective part") (citation and internal quotation marks omitted).

      This Court has previously invoked the component exception to find a claim not barred where plaintiffs alleged that defective engine parts led to other vehicular damage. *Sabicer*, 362 F. Supp. 3d at 841. Plaintiffs' allegations here are analogous: they claim that a defective transmission has led to broader vehicular damage in the form of, *inter alia*, failure of the vehicle's start function and defects in the vehicle's brakes. FAC at ¶¶ 10, 13; *see* Reply at 7-8. This claim is not so clearly barred by the economic loss rule that the Plaintiffs "could not possibly recover" against Denham. *Sabicer*, 362 F. Supp. 3d at 841. The economic loss rule therefore does not prohibit joinder of Denham's claim.

      FCA's argument fails for another reason. California courts recognize an exception to the economic loss rule where the contract at issue was for services, rather than goods. *See N. Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764, 780-81 (1997). In such cases, a negligent failure to perform contractual duties competently "may be both a breach of contract and a tort." *Id.* at 774; *see also Ladore v. Sony Computer Entm't Am., LLC*, 75 F. Supp. 3d 1065, 1075 (N.D. Cal. 2014) (citing *N. Am. Chem. Co.* and recognizing that the economic loss rule does not bar recovery in tort arising from a contract for services). Since Plaintiffs allege that Denham failed to adequately perform repair *services* on their vehicle, their claim falls within the exception to the economic loss rule. FAC at ¶¶ 59-61.

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-3098 DMG (Ex)** | Date | June 2, 2020 |
| Title | *Angele Suzanne Cox, et al. v. FCA US LLC, et al.* | Page | 5 of 6 |

### 2. Pleading Sufficiency

FCA additionally alleges that the negligence claim against Denham is insufficient because it "consist[s] of empty boilerplate devoid of any factual matter." Opp. at 19. Without additional "details" concerning Denham's alleged negligence, FCA alleges, Plaintiffs' claim represents conclusory allegations insufficient to state a valid cause of action. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (establishing that a "formulaic recitation of the elements of a cause of action" is insufficient to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Plaintiffs' allegations against Denham are indeed minimal, stating only that Denham failed to provide ordinary care to the vehicle on at least one occasion, and that said failure represented a negligent breach of Denham's duties that was the proximate cause of the claimed vehicular issues. FAC at ¶¶ 76-80.

FCA applies, however, the incorrect standard to Plaintiffs' claims under the fraudulent joinder framework. The Ninth Circuit has emphasized that "the test[s] for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549.[5] The fraudulent joinder standard is particularly plaintiff-friendly, as the party claiming legitimate joinder need only show that, if given leave to amend, they *could* establish a "colorable claim" under state law against the defendant in question. *Id*. at 550-51.

Judged against this standard, Plaintiffs' claim against Denham is sufficiently pled. To join a repair shop to a lawsuit for vehicular damages, a plaintiff need only allege that (a) a vehicle was brought to a repair shop, (b) the shop failed to use ordinary care in storing and repairing the vehicle, and (c) said failure was a proximate cause of Plaintiffs' damages. *See Sabicer*, 362 F. Supp. 3d at 840-41. Plaintiffs have made precisely these allegations against Denham. FAC at ¶¶ 76-80. While Plaintiffs may need to provide additional facts in order to prove this claim, adequately alleging the elements of negligent repair under California tort law is enough to properly join Denham at this stage. *See Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422 F.2d 1013, 1020 (9th Cir. 1970) ("One who undertakes repairs has a duty arising in tort to do them without negligence."); *see also* Judicial Council of California Civil Jury Instructions No. 1220 (detailing that, to prove negligent repair, a plaintiff must prove that a defendant repaired a product negligently and that such negligent repair was a substantial factor in the plaintiff's harm). Accordingly, Plaintiffs have sufficiently pled their claim against Denham.

---

[5] This Court does not decide whether Plaintiffs' complaint against Denham would be sufficient to survive a Rule 12(b)(6) motion to dismiss.

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 / REMAND |

| Case No. | **CV 20-3098 DMG (Ex)** | Date | June 2, 2020 |
|---|---|---|---|
| Title | *Angele Suzanne Cox, et al. v. FCA US LLC, et al.* | Page | 6 of 6 |

### B.     Rule 21 Severance

As an alternative to its fraudulent joinder argument, FCA asks this Court to exercise its discretion under Rule 21 to sever Denham from this case. Opp. at 20-21. It is true that district courts "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. But a district court's Rule 21 discretion to dismiss a party "is not a requirement that it do so." *Mendoza v. Nordstrom*, 865 F.3d 1261, 1266 (9th Cir. 2017).

In this case, Rule 21 severance is inappropriate for two reasons. First, as a procedural matter, this Court typically grants affirmative relief only where a party requests that relief via a motion (rather than by opposing another party's motion). *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Second, Plaintiffs' claims against FCA and Denham are "sufficiently intertwined, factually and legally, that severance would be inconvenient and inefficient." *Sabicer*, 362 F. Supp. 3d at 842. As the claims against FCA and Denham arise out of damage to the same vehicle, it would be inefficient to sever Denham from this action, and the Court declines to do so.

### V.
### CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is **GRANTED**. The Court hereby **REMANDS** this case to Los Angeles County Superior Court. The June 5, 2020 hearing is **VACATED.**

**IT IS SO ORDERED**.